# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2478SI

_____

Charles A. Trobaugh,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*　On Appeal from the United
　　　　　　　　　　Appellant,　　　　　*　States District Court
　　　　　　　　　　　　　　　　　　　　*　for the Southern District
　　v.　　　　　　　　　　　　　　　　　*　of Iowa.
　　　　　　　　　　　　　　　　　　　　*
Patrick A. Sondag,　　　　　　　　　　　*　[Not To Be Published]
　　　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　Appellee.　　　　　　*

_____

Submitted:　March 9, 2001
　　　　Filed:　March 19, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and MORRIS SHEPPARD ARNOLD,
　　　Circuit Judges.

_____

PER CURIAM.

Charles Trobaugh appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action against Patrick Sondag, his former public defender. Plaintiff alleged that defendant had conspired with several unnamed members of the Pottowattamie County Attorney's office to deprive him of his Sixth and Fourteenth Amendment rights in connection with his conviction on state criminal

---

[1]The Honorable Ross A. Walters, Chief United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

charges. Upon de novo review of the record, see <u>Dubose v. Kelly</u>, 187 F.3d 999, 1000 (8th Cir. 1999), we affirm.

Plaintiff offered evidence that defendant had been acting under a conflict of interest when he defended plaintiff on the criminal charges.[2] Plaintiff also offered evidence that he and defendant disagreed over whether plaintiff should plead guilty to the charges, and that plaintiff ultimately pleaded guilty despite his wish to go to trial. We are unable to infer from plaintiff's evidence, however, or from anything else in the record, that defendant conspired with the county attorneys to induce plaintiff to plead guilty. Therefore, defendant is not amenable to suit under section 1983. See <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law for purposes of § 1983 when performing lawyer's traditional functions as counsel to defendant in criminal proceedings); <u>Askew v. Millerd</u>, 191 F.3d 953, 957 (8th Cir. 1999) (per curiam) (elements of conspiracy claim); <u>Johnson v. Outboard Marine Corp.</u>, 172 F.3d 531, 536 (8th Cir. 1999) (private actors may incur § 1983 liability only if they willingly participate in joint action with public servants acting under color of state law).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]In a motion for judicial notice, which we grant, plaintiff draws our attention to a state court decision granting him a new trial based on the conflict of interest.